**No. 41736.**—Protests 694305–G, etc., of Harris Laboratories, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that certain of the merchandise consists of dried brewers' yeast similar to that the subject of *Ironized Yeast Co.* v. *United States* (T. D. 48570) and that certain other items consist of the residue from the brewing vats which had been washed with water to eliminate some of the bitter taste. It contains no alcohol, is not palatable to the taste, and not eaten as a food but is prescribed only as a medicine. *United States* v. *Yick* (25 C. C. P. A. 255, T. D. 49392) cited. The merchandise was therefore held entitled to free entry as a crude drug under paragraph 1669 as claimed.

**No. 41737.**—Protest 587958–G of Strohmeyer & Arpe Co. (New York).

Opinion by KEEFE, J. It was established that the merchandise is used as an ingredient in drinks and also as a cordial. The appraiser reported that the merchandise consists of beverages containing less than one-half of 1 percent of alcohol. Following the principle announced in *Tonkin* v. *United States* (T. D. 46491) and Abstract 27726 the court held that the commodities in question are not included within the meaning of the term "beverages" in paragraph 808 and overruled the protest. Abstract 33146 distinguished.